# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

CHRISTOPHER BARTLEY                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:19-CV-P5-TBR

JENNY STEWART MEDICAL CENTER *et al.*                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Christopher Bartley leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

## I. SUMMARY OF COMPLAINT

Plaintiff is a convicted prisoner incarcerated at the Christian County Jail (CCJ). He names the following as Defendants in this action – the Jenny Stewart Medical Center; Dr. Michael Wong; CCJ Deputy Jailer Newby; and Advanced Correctional Healthcare (ACH) Dr. Matthew Johnson.

Plaintiff makes the following allegations:

> On November 9, 2018, I was taken by ambulance to Jenny Stewart Medical Center . . . due to an accident received while on work release from the [CCJ] . . . . After Dr. Wong did my cat scan and x rays he proceeded to discuss a medical issue that has nothing to do with the accident to Deputy Jailer Newby. I believe my rights were violated when the Dr. discussed my medical information and showed my x-ray/cat scan results to a prison guard who has no medical training or need to know (HIPPA ACT).
>
> When I was released from the hospital on 11/9/18 and returned to the jail they were upset about the incident and Dr. Matthew Johnson (ACH) retaliated by locking me down and making me sleep on the floor which lasted around [18] days in general population. I believe Dr. Johnson violated my rights by having me sleep on the floor where this was a medical issue I should have been provided a bottom bunk

furthermore as a state inmate the county has an obligation to keep a state prisoner 6" off the ground in a medical cell and not in general population.

While doing pill call Dep. Jailer Newby came to the window and called me by my last name to get my meds. When I did not respond fast enough, because I was in pain and on the floor, he said "Let's go Old Rib Neck" which that comment stems from what Dr. Wong showed Dep. Newby on my cat scan/x-ray results. After Dep. Newby made that comment I was shamed each morning when the inmates would call me dick neck, rib neck, get your pills. Deputy Newby violated my rights when he made comments about my medical issues in front of a roomful of inmates.

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Defendant Dr. Matthew Johnson

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting constitutional claims against Defendant Dr. Johnson pursuant to 42 U.S.C. § 1983 for retaliation, deliberate indifference to a serious medical need, and a violation of state policy. The Court will address each claim in turn.

1. **Official-Capacity Claim**

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Dr. Johnson is actually against his employer, ACH. *See, e.g.*, *Smith v. Davis*, 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Solutions*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same). The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*,

4

989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by ACH, rather than the individual decisions of Dr. Johnson. As such, the Court will dismiss Plaintiff's official-capacity claim against Dr. Johnson for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Retaliation

Plaintiff seems to allege that Dr. Johnson retaliated against him for receiving medical care at the Jenny Stewart Medical Center by "locking me down and making me sleep on the floor which lasted around [18] days in general population."

Based on this allegation, the Court will allow a First Amendment retaliation claim to proceed against Dr. Johnson in his individual capacity. In allowing this claim to proceed, the Court passes no judgment on the merits of the claim or the ultimate outcome of this action.

#### b. Deliberate Indifference to a Serious Medical Need

The Court also construes Plaintiff's allegation that Dr. Johnson violated his rights by "having me sleep on the floor where this was a medical issue I should have been provided a

bottom bunk" as an attempt to assert a claim under the Eighth Amendment for deliberate indifference to a serious medical need.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002).

The Court finds that Plaintiff's allegation is too conclusory to state a plausible claim for relief under the Eighth Amendment. *Twombly*, 550 U.S. at 555. Plaintiff's lack of detail regarding both his alleged injury and treatment by Dr. Johnson prevents the Court from finding that Plaintiff suffered from a serious medical need or that Dr. Johnson recklessly disregarded that need. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### c. Violation of State Policy

Finally, Plaintiff alleges that Dr. Johnson violated his rights by "failing to keep a state prisoner [Plaintiff] 6" off the ground in a medical cell and not in general population." The Court construes this as a claim for failure to comply with a state administrative policy or rule.

Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, a failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody*

6

*v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509, at *3 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).

Thus, the Court will also dismiss this claim against Dr. Johnson for failure to state a claim upon which relief may be granted.

**B. Defendants Jenny Stewart Medical Center, Dr. Wong, and Deputy Jailer Newby**

Based upon Plaintiff's allegations, the Court construes the complaint as asserting claims for the violation of his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) against the Jenny Stewart Medical Center, Dr. Wong, and CCJ Deputy Jailer Newby.

Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 U.S. Dist. LEXIS 108700 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may enforce its provisions and impose penalties. *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (citing 42 U.S.C. § 1320d-5(a)(1); 1320d-6). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Thomas v. Univ. of Tenn. Health Sci. Ctr.*, No. 17-5708, 2017 U.S. App. LEXIS 24714, at *4 (6th Cir. Dec. 6, 2017) (recognizing that although the Sixth Circuit has never explicitly held that that there is no private right of action under HIPAA, several other circuits have so held, and following those circuits' holdings) (collecting cases).

Thus, because there is no private right of action under HIPAA, the Court will dismiss Plaintiff's claims against the Jenny Stewart Medical Center, Dr. Wong, and CCJ Deputy Jailer Newby for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the Jenny Stewart Medical Center, Dr. Michael Wong, and CCJ Deputy Jailer Newby are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim and his individual-capacity claims against Dr. Johnson for deliberate indifference to a serious medical need and for violating state policy are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a constitutional claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED to terminate the Jenny Stewart Medical Center, Dr. Michael Wong, and Deputy Jailer Newby as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the retaliation claim it has allowed to proceed against Dr. Johnson in his individual capacity.

Date: June 19, 2019

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.011