UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO: 5:19-CV-00005-TBR

CHRISTOPHER BARTLEY                                                       PLAINTIFF

V.

JENNY STUART MEDICAL CENTER, *et al.*                      DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon two motions. First, the Defendant, Matthew Johnson[1], moves the Court to quash a subpoena. (DN 18). Second, the Plaintiff, Cristopher Bartley, moves the Court for leave to add additional parties. (DN 16). Neither party has filed a response. Upon consideration of the parties' submissions and being otherwise sufficiently advised, Defendant's Motion to quash is **GRANTED** and Plaintiff's Motion for leave to add additional parties is **DENIED.**

**Background**

Plaintiff was formerly a prisoner incarcerated at the Christian County Jail. Plaintiff is no longer incarcerated. Initially, Plaintiff named the Jenny Stewart Medical Center, Dr. Michael Wong, CCJ Deputy Jailer Newby, and Advanced Correctional Healthcare's Dr. Matthew Johnson as defendants. In his Complaint, Plaintiff makes the following allegations:

> On November 9, 2018, I was taken by ambulance to Jenny Stewart Medical Center . . . due to an accident received while on work release from the [CCJ] . . . . After Dr. Wong did my cat scan and x rays he proceeded to discuss a medical issue that

---
[1] In his Motion to quash, Defendant states that "Dr. Matthew Johnson is actually Matthew Johnston, APRN." The Court will continue to refer to Defendant as he is listed on the Docket Sheet of this Action.

> has nothing to do with the accident to Deputy Jailer Newby. I believe my rights were violated when the Dr. discussed my medical information and showed my x-ray/cat scan results to a prison guard who has no medical training or need to know (HIPPA ACT).
>
> When I was released from the hospital on 11/9/18 and returned to the jail they were upset about the incident and Dr. Matthew Johnson . . . retaliated by locking me down and making me sleep on the floor which lasted around [18] days in general population. I believe Dr. Johnson violated my rights by having me sleep on the floor where this was a medical issue I should have been provided a bottom bunk furthermore as a state inmate the county has an obligation to keep a state prisoner 6" off the ground in a medical cell and not in general population.
>
> While doing pill call Dep. Jailer Newby came to the window and called me by my last name to get my meds. When I did not respond fast enough, because I was in pain and on the floor, he said "Let's go Old Rib Neck" which that comment stems from what Dr. Wong showed Dep. Newby on my cat scan/x-ray results. After Dep. Newby made that comment I was shamed each morning when inmates would call me dick neck, rib neck, get your pills. Deputy Newby violated my rights when he made comments about my medical issues in front of a roomful of inmates.

(DN 1). On June 20, 2019, the Court conducted a screening pursuant to 28 U.S.C. § 1915A. (DN 12). Upon reviewing Plaintiff's Complaint, the Court dismissed all claims in this action except for Plaintiff's retaliation claim against Defendant Johnson in his individual capacity. *Id.* at 8. On July 10, 2019, Plaintiff filed a motion to reconsider the results of the § 1915A screening. (DN 15). The Court denied Plaintiff's motion to reconsider. (DN 26).

Plaintiff now seeks to add Christian County and Jailer Brad Boyd to this Action. (DN 16). Plaintiff explains: "The reasons I ask for this relief are this Action stems from a workplace accident this Plaintiff suffered from while on loan to the James E Bruce [Convention] Center in Hopkinsville Ky." (DN 16 at 1). Plaintiff alleges that the putative defendants' work-release program violated the Fair Labor Standard Act and Plaintiff's Thirteenth Amendment rights. (DN 16 at 1-2). Plaintiff alleges that "The direct beneficiaries of the Christian Counties work release program are the jailor and the private citizens who use the jails slave labor to save money" and that "it's unfair that the work done by this Plaintiff has done nothing for restitution not fines only

[benefits] the Jailer and County which is their custom." (DN 16 at 2). Defendant has not filed a response to Plaintiff's Motion.

On February 15, 2019, Plaintiff filed a motion to subpoena video and medical records. (DN 8). Defendant now seeks to quash Plaintiff's motion to subpoena. (DN 18). Defendant argues that "[o]n page 3 of DN 17, the United States Postal Service provided correspondence showing when the certified mail letter addressed to 'Dr. Johnson CO Christian County Jail' was received and signed for" and that "[i]t is clear from this correspondence that the certified mail letter was not signed by Defendant Johnston, but was instead signed by S. Campbell." *Id.* at 1. Plaintiff has not filed a response to Defendant's Motion.

## Discussion

**(I)** **Motion to Quash.**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff bears the burden of perfecting service of process and showing that proper service was made. Fed. R. Civ Pro. 4(c)(1); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) provides the methods by which an individual may be properly served:

> Unless federal law provides otherwise, an individual—other than a minor, incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

Defendant asserts, and Plaintiff does not deny, that service was attempted according to Kentucky state law in this case. (DN 18 at 2-3). The methods of proving service in Kentucky are explained in Kentucky Civil Rule of Procedure 4.01(1)(a) and 4.04(2). Rule 4.01(1)(a) provides:

> (1) Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:
>
>> (a) Place a copy of the summons and complaint (or other initiating document) to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in the United States mail as registered mail or certified mail return receipt requested with instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place and manner of service. To the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by

> such authorized representative shall constitute service on the officer. All postage shall be advanced by the initiating party and be recoverable as costs ...

Ky. R. Civ. P. 4.01(1)(a). Regarding personal service, Rule 4.04(2) provides:

> (2) Service shall be made upon an individual within this Commonwealth, other than an unmarried infant or person of unsound mind, by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint (or other initiating document) to an agent authorized by appointment or by law to receive service of process for such individual.

Ky. R. Civ. P. 4.04(2). In his Motion to quash service, Defendant Johnson argues (1) that he did not sign the certified mail letter, (2) that he did not authorize anyone else to sign on his behalf, and (3) that there is nothing in the record showing that the postal employee was instructed to serve the addressee only. (DN 18). The Plaintiff did not respond and therefore waives opposition to these arguments.

Defendant is being sued in his individual capacity. Although the signature of a representative authorized to accept "addressee only" mail according to United States postal regulations may constitute service on an individual in his or her official capacity, that type of service is insufficient to confer personal jurisdiction over the individual in his or her individual capacity. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *T.J. by T.J. v. Franklin Indep. Sch.*, No. 3:18-CV-00009-GFVT, 2018 WL 4088024, at *3 (E.D. Ky. Aug. 27, 2018). Thus, the Court agrees with Defendant that process has not properly been served in this case. Here, it is Plaintiff's burden to show that proper service was made despite the fact that Defendant did not sign for the certified mail upon its arrival. However, the Court finds that Plaintiff has failed to fulfill this burden. The receipt signature in this case appears to be signed by "S. Campbell." (DN 17 at 3). Furthermore, Defendant attests that he has not signed for a certified mail letter containing the complaint and summons in this case and that he did not authorize S. Campbell to serve as his authorized agent to

accept service on his behalf. (DN 18-1). In fact, Defendant testifies that he did not grant anyone authority to serve as his authorized agent to accept service or sign on his behalf. *Id.* Therefore, Defendant's Motion to Quash (DN 18) is **GRANTED.** Pursuant to Federal Rule of Civil Procedure 4(m), the Court will allow Plaintiff until **Friday, March 20, 2020** to properly serve process on Defendant.

**(II)     Motion for Leave to Add Parties.**

Rule 20 of the Federal Rules of Civil Procedure provides that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F.Supp.2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)); *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (finding no abuse of discretion when district court denied motions to amend seeking to allege new claims unrelated to his original claim against new defendants).

In his Complaint, Plaintiff alleges that Defendant Johnson retaliated against him by "locking him down" and making him sleep on the floor. (DN 1 at 4). Although it is not entirely clear to the Court, it seems that Plaintiff alleges that Johnson retaliated against him for receiving medical care at the Jenny Stewart Medical Center. Therefore, this claim primarily arises out of medical treatment which occurred at the Jenny Stewart Center.

6

In his motion to add parties, however, Plaintiff alleges that the work release program itself violates his constitutional rights and the Fair Labor Standards Act. Plaintiff argues that Mr. Boyd and Christian County have "violated the Fair Labor Standard Act (FLSA) and thus violated the Plaintiff Thirteenth Amendment, of involuntary servitude or slavery." (DN 16 at 2). Furthermore, Plaintiff argues "The Jailer Brad Boyd (elected official) and the City of Hopkinsville make it a custom or policy to use inmates in the private sector where the Jailer benefits." *Id.* Finally, Plaintiff claims that "[t]he direct beneficiaries of the Christian Counties work release program are the Jailor and the private citizens who use the jails slave labor to save money." *Id.* Therefore, this claim arises generally from the terms and conditions of the work release program and not from the treatment that Plaintiff received from the Jenny Stewart Center.

Because Plaintiff's motion to add parties seeks to allege new, unrelated claims against new defendants, it is within the Court's discretion to deny the motion. *See Hetep. v. Warren*, 27 Fed.App'x 308, 309 (6th Cir. 2001). The parties and claims that Plaintiff seeks to add are, at most, tangentially related to the retaliation claim he has asserted against Defendant Johnson. The connection between Plaintiff's claim against Defendant Johnson and the claims he seeks to assert against Mr. Boyd and Christian County are too attenuated for the Court to grant leave to add the new parties. The claims do not arise from the same transaction and occurrence. The only connection between the claims is that Plaintiff's injury allegedly occurred while he was participating in the work release program. But this is not a material link to Plaintiff's claim that Defendant Johnson retaliated against him for receiving medical care. Plaintiff's argument that the work release program is tantamount to slavery has no bearing on whether Defendant Johnson made Plaintiff sleep on the floor. The "incident" that allegedly spurred Defendant Johnson to retaliate is Dr. Wong's alleged HIPPA violation. This HIPPA violation occurred at Jenny Stewart Center and

is unrelated to the work release program. Because the claims against the putative Defendants do not arise out of the same transaction or occurrence as his claim against Defendant Johnson, Plaintiff's Motion for leave to add new parties is **DENIED.**

### Order

For the foregoing reasons, **IT IS HEREBY ORDERED,**

(1) Plaintiff's Motion to add parties (DN 16) is **DENIED**,

(2) Defendant's Motion to quash subpoena (DN 18) is **GRANTED,**

(3) The Court will allow Plaintiff until **Friday, March 20, 2020** to properly serve process on Defendant Johnson in his individual capacity,

**IT IS FURTHER ORDERED,**

A **Telephonic Conference** is scheduled for **Friday, March 6, 2020 at 11:00 a.m. (CDT)**. Plaintiff, Christopher Bartley, and Counsel for Defendant **must call 1-877-848-7030** then give the **Access Code 2523122 and #**, then when prompted **press # again** to join the call.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

February 18, 2020

CC: PRO SE
CC: COUNSEL OF RECORD