UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:19-cv-00005-TBR

CHRISTOPHER BARTLEY                                                                                    PLAINTIFF

v.

JENNY STEWART MEDICAL CENTER, et al.                                                DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is defendant Dr. Matthew Johnston's Motion to Dismiss, DN 31. For the reasons stated below, the Court will dismiss the action on the grounds of failure to prosecute. Accordingly, the Court DISMISSES the remaining claim, terminating the action, and Defendant's Motion to Dismiss, DN 31, is DENIED AS MOOT. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

**I. Background**

This is a pro se civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Bartley instituted the action alleging claims against defendants Jenny Stewart Medical Center, Dr. Michael Wong, Christian County Jail Deputy Jailer Newby, and Dr. Matthew Johnston of Advanced Correctional Healthcare (ACH). In its initial screening pursuant to 28 U.S.C. § 1915A, this Court dismissed the claims against Jenny Stewart Medical Center, Dr. Michael Wong, and Newby, effectively terminating those defendants as parties to the action. [DN 12 at 7-8]. The Court construed Plaintiff's claims against Dr. Johnston as constitutional claims pursuant to 42 U.S.C. § 1983 for retaliation, deliberate indifference to a serious medical need, and violation of state policy. *Id.* at 3. The Court dismissed the claims against Dr. Johnston except for the claim of retaliation. *Id.* at 3-7. As to the retaliation claim, the Court stated:

1

> Plaintiff seems to allege that Dr. Johnson retaliated against him for receiving medical care at the Jenny Stewart Medical Center by "locking me down and making me sleep on the floor which lasted around [18] days in general population." . . . Based on this allegation, the Court will allow a First Amendment retaliation claim to proceed against Dr. Johnson in his individual capacity. In allowing this claim to proceed, the Court passes no judgment on the merits of the claim or the ultimate outcome of this action.

*Id*. at 5 (quoting DN 1, Complaint, at 4-6).

Following issuance of the Court's Memorandum Opinion and Order permitting the retaliation claim to proceed, Dr. Johnston filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 31]. That motion was filed on April 6, 2020. Plaintiff did not respond to the motion. On October 16, 2020, the Court entered an order directing Plaintiff to file a response to the motion to dismiss on or before October 30, 2020 showing cause why the case should not be dismissed. [DN 32]. Specifically, the Court stated, "[i]f no response is filed on or before October 30, 2020, the case shall be dismissed." *Id*. Still, Plaintiff did not file a response to Dr. Johnston's motion to dismiss.

## II. Dismissal for Failure to Prosecute

### a. Legal Standards

Local Rule 7.1 states that "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action upon motion of the defendant if a plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a court order. Fed. R. Civ. P. 41(b). However, a district court may also dismiss an action for failure to prosecute *sua sponte*. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to

prosecute."); *McDaniel v. Dana Corp.*, No. 19-cv-12926, 2020 WL 7122082, at *1 (E.D. Mich. Dec. 4, 2020) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001)) ("Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order."). Courts of the Sixth Circuit consider four factors when determining whether dismissal for failure to prosecute under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

### b. Discussion

After six months had passed from the time Dr. Johnston filed his motion to dismiss, the Court granted Bartley more time to file a response. [DN 32]. Specifically, the Court ordered Bartley to file a response on or before October 30, 2020, showing cause why the case should not be dismissed. *Id*. Now, more than nine months have passed since Dr. Johnston filed his motion to dismiss, and about three months have passed since Bartley's deadline to file a response showing cause why the case should not be dismissed.

Under the local rules of this Court, Bartley's failure to respond to Dr. Johnston's motion to dismiss within 21 days of service is, on its own, a sufficient basis for dismissal. LR 7.1. However,

Bartley has now failed to respond to the motion for more than nine months, and Bartley has failed to comply with this Court's October 16, 2020 Order directing Bartley to file a response showing cause for why the case should not be dismissed. [DN 32]. Bartley's failure to prosecute and failure to comply with the Court's order are also grounds for *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b). *Carpenter*, 723 F.3d at 704; *McDaniel*, 2020 WL 7122082, at *1.

The factors that Sixth Circuit courts look to in determining whether to dismiss for failure to prosecute also demonstrate that dismissal is appropriate. The first factor that courts consider is "whether the party's failure is due to willingness, bad faith, or fault." *Knoll*, 176 F.3d at 363. Given that Bartley has failed to take any action in the case for more than nine months, the Court is satisfied that Bartley's failure to prosecute is willful and that he is at fault for such failure. The second factor to consider is "whether the adversary was prejudiced by the dismissed party's conduct." *Id*. The Court also finds that this factor weighs in favor of dismissal. Dr. Johnston and his counsel have been prejudiced by Bartley's failure to prosecute because they cannot well defend against an action stalled by the plaintiff's seemingly deliberate inattention to pending matters. The third factor the Court considers is "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Id*. As with the first and second factors, the third factor supports dismissal. The Court warned Bartley in its Order, DN 32, that "[i]f no response is filed on or before October 30, 2020, the case shall be dismissed." The fourth and final factor the Court considers is "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. The Court has given Bartley additional time to respond, and it has asked Bartley to show cause for why the case should not be dismissed. [DN 32]. Although these less drastic measures were taken before the Court ordered dismissal, Bartley has still failed to respond. Thus,

each of the factors the Court should consider before ordering a *sua sponte* dismissal for failure to prosecute weigh in favor of dismissal.

### III.   Conclusion

Bartley has violated Federal Rule of Civil Procedure 41(b) in failing to prosecute and failing to comply with a court order. Despite the Court's leniency with Bartley in proceeding as a pro se litigant, the Court finds that the case should be dismissed for failure to prosecute. Accordingly, the Court **DISMISSES** the remaining claim, terminating the action, and Defendant's Motion to Dismiss, DN 31, is **DENIED AS MOOT**. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

January 21, 2021

cc: counsel/plaintiff, pro se